UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS, | No. 2:25–cv–01713–DAD-SCR |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL JOSEPH FAVIS, et al., | |
| Defendants. | |

    Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2.

    The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). The current application contains several omissions. Plaintiff states that he has been employed by the military from 2008 to present, yet he lists his

1

gross monthly wages as zero. ECF No. 2 at 1-2. Plaintiff leaves the cash on hand question blank, and as to bank accounts states "N/A". *Id*. at 2. When asked to list assets such as automobiles, real estate, stocks, etc., Plaintiff merely lists zero or leaves the line blank. *Id.* at 3. Similarly, when asked to list monthly expenses, Plaintiff lists zero for every answer. It seems implausible that Plaintiff is employed, yet has no income, and has no expenses. Plaintiff does later state in the application that he is in bankruptcy proceedings and references Case No. 25-20501. *Id.* at 5.

The court takes judicial notice of Case No. 25-20501, filed in the United States Bankruptcy Court for the Eastern District of California on February 4, 2025. The Court notes that Plaintiff did report a monthly income. ECF No. 26. Plaintiff also listed as assets $4 million worth of real property. ECF No. 27 at 1. Plaintiff reported owning three vehicles. *Id*. at 3-4. This income and these assets were reported on bankruptcy schedules and signed under penalty of perjury, yet all were omitted from the motion in this case to proceed IFP. The Court will direct Plaintiff to file a supplement to the motion for IFP or pay the filing fee.

Plaintiff has also filed a motion to electronically file documents. ECF No. 3. The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion for electronic case filing does not provide good cause for deviating from this Local Rule. Thus, Plaintiff's motion to e-file is denied with respect to utilizing the CM/ECF system to file documents. Plaintiff will continue to file paper documents with the Court through conventional means. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall supplement the application to proceed IFP to address the deficiencies set forth herein within 14 days of the date of this Order.
2. Alternatively, Plaintiff may pay the filing fee within 14 days of the date of this Order.
3. If Plaintiff does not supplement the application or pay the filing fee within 14 days, the Court will issue findings and recommendations that the motion for IFP be denied and that this case be dismissed without prejudice.

////

////

4. Plaintiff's motion to e-file (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED: June 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE