UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH FAVIS, et al.,<br><br>Defendants. | No. 2:25–cv–01713 DAD SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court now recommends that Plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 2) be DENIED and the action be dismissed without prejudice.

Plaintiff filed his complaint and the motion for IFP on June 18, 2025.  ECF Nos. 1 & 2. On June 27, 2025, this Court issued an Order finding that the motion makes an insufficient showing to proceed in forma pauperis.  ECF No. 4 at 1.  The Court noted that the motion for IFP contained several omissions, including information as to wages, assets, and expenses.  Further, the information that was reported was inconsistent with information provided in another action that was filed in February 2025.

The Court directed Plaintiff to supplement the motion for IFP within 14 days, or alternatively Plaintiff could pay the filing fee within 14 days.  ECF No. 4 at 2.  The Order further

1

provided that if Plaintiff "does not supplement the application or pay the filing fee within 14 days, the Court will issue findings and recommendations that the motion for IFP be denied and that this case be dismissed without prejudice." *Id.* Now more than 30 days have passed, and Plaintiff has not responded to the Court's order.

As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* Plaintiff has provided insufficient information in support of his motion and has not complied with the Court's order to supplement the motion. Plaintiff has also not paid the filing fee. Plaintiff's action thus may not proceed. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) be DENIED;
2. This action be dismissed without prejudice; and
3. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE